UNITED STATES of America,
Appellee,

v.

John UPCHURCH, Appellant.

No. 8202.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 5, 1961.

Decided Jan. 18, 1961.

Paul J. Fourney, Beckley, W. Va. (Court-appointed attorney), for appellant.

Percy H. Brown, Asst. U. S. Atty., Charleston, W. Va. (Duncan W. Daugherty, U. S. Atty., Huntington, W. Va., on the brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.

PER CURIAM.

John Upchurch, Judith Carey and Genelda Neal were jointly charged in an indictment with forcibly breaking into two post offices of the United States with intent to commit larceny therein in violation of 18 U.S.C. § 2115, and with destroying and concealing United States Post Office "mail matter" which had been stolen from the said post offices, the defendants knowing the same to have been stolen, in violation of 18 U.S.C. § 1708. The female codefendants of Upchurch entered pleas of guilty and were sentenced. The jury convicted Upchurch on the two counts of destroying and concealing "mail matter" but failed to agree upon a verdict as to the two counts charging breaking into the post offices.

Upchurch, who was ably represented in the District Court and on this appeal by his court-appointed attorney, alleges numerous errors in support of his motion to dismiss the counts on which he was convicted and in support of his motions for judgment of acquittal, in arrest of judgment and for a new trial.

■ The motion to dismiss is grounded on the contentions that the pertinent statute, 18 U.S.C. § 1708, while indicating in the descriptive heading a reference to "mail matter generally," specifically refers to "any letter, postal card, package, bag or mail"; that the indictment does not charge in the language of the statute; that the charge as to "mail matter" does not state an offense; that the indictment failed to sufficiently inform the defendant of the crime with which he was charged so that he could properly prepare a defense, and that a judgment rendered thereon would not constitute a bar to a subsequent prosecution for the same offense.

Thus, the real complaint is as to the description of the destroyed and concealed property as "mail matter" instead of "mail." It is admitted that if the indictment had followed the language of the statute, it would have sufficiently charged an offense. We are of the opinion that the reference to "mail matter" is no less definite or informative than a reference to "mail," and the word "matter" may be treated as mere surplusage, tending in no way to mislead or confuse.

It was held in United States v. Sehon Chinn, D.C.W.D.W.Va.1946, 5 F.R.D. 226, 229, affirmed 4 Cir., 1946, 157 F.2d 1013, as follows:

"In comparing the language of the indictment with the statute we must lay aside technical formalities. When this is done we see that it clearly charges an offense * * * and that it fully informed defendant of the nature of the charge against him, and was of such character as to bar a subsequent prosecution for the same offense. * * * If the essential allegations appear in any form or may by fair construction be found anywhere within the text of the indictment, it is sufficient."

It is true that the indictment could have been more aptly drawn and could easily have been made more definite and certain, thus avoiding the creation of opportunity for the present complaint. But the indictment charged the nature of the offense, the date of the offense, the place of the offense and the names of the parties participating therein. We think that the defendant, Upchurch, and his codefendants could not again be placed in jeopardy for the same offense. Although Upchurch urges that the charge against him was so indefinite and uncertain that he could not properly prepare a defense, he could have moved for a bill of particulars and a specification of the articles of "mail" or "mail matter" alleged to have been destroyed and concealed, but the record discloses no such motion.

■ A motion for a continuance was made and denied. Under the circumstances which we need not detail we find no error and the disposition of the motion was within the sound discretion of the court. Baker v. United States, 4 Cir., 1927, 21 F.2d 903. This principle has

been affirmed again and again by subsequent decisions of this and other courts.

The defendant, Upchurch, charges that he was in jail during the entire period following his arrest, indictment and arraignment up to the time of trial and that the court failed to issue subpoenas for witnesses to appear and give testimony in his behalf. But the record discloses that the court indicated to him that witnesses would be summoned through the cooperation of the United States Attorney at Government expense upon the request of Upchurch and the indication of the materiality of the testimony of such witnesses. He did request a subpoena for one Paul Seagle but was unable to furnish information as to where this witness might be found. Thus the issuance of the subpoena would have been unavailing and without benefit to the defendant.

Complaint is further made with reference to the court's charge to the jury and particularly the giving of the so-called Allen charge after the jury had reported that no agreement had at that time been reached. The instruction of which complaint is made was based on Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528, but this court has repeatedly upheld and approved such an instruction. Johnson v. United States, 4 Cir., 1925, 5 F.2d 471; Lias et al. v. United States, 4 Cir., 1931, 51 F.2d 215; Milanovich v. United States, 4 Cir., 1960, 275 F.2d 716. We believe the charge to the jury to be complete, fair, and based upon evidence hereinafter discussed.

Upchurch complains that the Assistant United States Attorney, in his closing argument to the jury, stated that he had not heard the name of the desired witness, Paul Seagle, mentioned at any time other than during the course of the trial. The record disclosed that at his arraignment and in the presence of the Assistant United States Attorney, Upchurch suggested to the court that Paul Seagle be subpoenaed as a witness. In his remarks, the Assistant United States Attorney referred to Seagle as a figment of defendant's imagination and he was obviously in error in stating that he had not heard that name prior to trial. However, under the circumstances, we believe the error does not call for a reversal. Indeed, it was disclosed at the bar of this court during the argument on appeal that, on the date of the alleged offenses, an individual named Paul Seagle was, in fact, confined in a penal institution in another state. At no time did the defendant, Upchurch, indicate or explain just what testimony Seagle would have given had he been present as a witness. Surely we cannot reasonably be expected to assume that Seagle would have implicated himself and exonerated this defendant.

There was evidence from which the jury could have found that Upchurch and his codefendants had been in Arizona but had come to West Virginia where one of the girls had formerly lived; that, on the date charged in the indictment, they were in the vicinity of the two rural post offices named in the indictment in the afternoon and later in the evening or nighttime when the offices were closed; that they were in a Cadillac automobile which was owned and operated by Upchurch; that he left the girls in his automobile, went to the first of the named post offices, disappeared from view and returned with letters; that after driving a distance of several miles Upchurch again left the girls, went into another post office and returned to the car with other articles of mail matter, including packages; that from one of the post offices he obtained an adding machine which was not mail matter but the property of the postmistress; that on each occasion the girls opened the items of mail in the presence of Upchurch and threw these letters and packages into ravines where they were later discovered by postal authorities; that Upchurch pawned the adding machine in a town in Virginia where it was subsequently identified and recovered. In fact, the girl codefendants freely admitted their participation and testified as to these occurrences. Upchurch admitted that he

was in that vicinity with the two girls but denied that he committed the offenses. He admitted the pawning of the adding machine but claimed that it was given to him by Paul Seagle and that Seagle was with them at the time of the alleged offenses. This story was denied by the two girls. The evidence was clearly sufficient to support the conviction.

Affirmed.