**Joseph G. INGRAM, Appellant,**

**v.**

**UNITED STATES of America,
Appellee.**

**No. 22093.**

United States Court of Appeals
Fifth Circuit.

March 14, 1966.

Clarence N. Gilbert, Asheville, N. C., for appellant.

Harry L. Cline, Gaffney, S. C., for appellees.

Before HAYNSWORTH, Chief Judge, J. SPENCER BELL, Circuit Judge, and HUTCHESON, District Judge.

Bernard S. Dolbear, New Orleans, La., for appellant.

Louis B. Merkige, L. Howard McCurdy, Jr., Asst. U. S. Attys., New Orleans, La., Louis C. La Cour, U. S. Atty., for appellee.

Before RIVES and GEWIN, Circuit Judges, and ALLGOOD, District Judge.

PER CURIAM:

We have carefully considered the contentions of the appellant dealing with the Government's failure to prove the offense alleged in the indictment, the lack of probable cause for appellant's arrest, and the "induced" identification of appellant. We find no error on any of the grounds presented. The failure of the Government to prove that the pouches contained letter mail as alleged in the indictment is not fatal to the prosecution as the Government did prove the offense charged in the indictment. The theft of the pouches is proscribed by 18 U.S.C. § 1708. We are of the opinion that the allegation that the pouches contained letter mail may be treated as mere surplusage. See United States v. Upchurch, 286 F.2d 516 (4th Cir. 1961). The record affirmatively shows the existence of sufficient probable cause to justify the appellant's arrest. The contention that the identification of the appellant was "induced" is frivolous and without merit.

Affirmed.