**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Lee FRICK, Defendant-Appellant.**

**No. 73–3218.**

United States Court of Appeals,
Fifth Circuit.

April 15, 1974.

Rehearing Denied May 24, 1974.

Roger Dallam, Gretna, La. (Court-appointed), for defendant-appellant.

Gerald Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before WISDOM, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant's conviction on three counts of causing falsely made and forged securities to be transported in interstate commerce must be affirmed.

He claims that several more or less interrelated grounds separately and cumulatively deprived him of a fair trial. If error at all, it was not reversible error to permit the government to prove by a bank official that the bank suffered a loss by reason of accepting for deposit the three checks alleged to have been falsely made or forged and paying other checks drawn by appellant against the deposit balance thus established. At least arguably, loss to the bank was not an element of the offense, but objection to the question was on the ground of vagueness, the objection was sustained, and when the question was rephrased there was no further objection.[1]

There was no error in admitting the testimony of the assistant cashier of the bank. Even if her testimony was admitted as that of an expert—an assumption not at all clear—the court within its discretion could accept her as an expert on the basis of her supervisory duties and her 18 months' experience as assistant cashier. The arguments that her testimony was so inherently incredible as to require rejection and that the court abused its discretion in the permitted scope of cross-examination, are meritless.

Finally, appellant urges that he cannot be guilty of false making or forgery because he signed the checks with an alias which he believed he had

---

1. Additionally, the evidence of loss ultimately tended to counter the theory of appellant that there was no fraud because the bank usually followed a policy of "blocking" (i. e., not disbursing) a balance created by deposit of an out-of-town check until the check cleared the bank on which drawn.

the authority to use and on an account which he believed to be active. The short answer is, first, that the fact that he may have used the alias in and around New Orleans does not establish (nor is there other evidence establishing) that it was authorized as a name (and signature) to be honored on his Chicago bank account; and, secondly, the jury was entitled to conclude that appellant had long since been notified by the Chicago bank that his account therein was no longer active (i. e., all funds from it had been disbursed).

Affirmed.