**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Howard James BEAVER,**
**Defendant-Appellant.**

**No. 74–3427.**

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1975.

Robert L. McHaney, Jr., Atlanta, Ga. (Court appointed), for defendant-appellant.

John W. Stokes, U. S. Atty., Gale McKenzie, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BELL, THORNBERRY and MORGAN, Circuit Judges.

THORNBERRY, Circuit Judge:

Howard James Beaver appeals from his conviction for passing a counterfeit $20 bill in violation of 18 U.S.C. § 472. After careful consideration of his many points of error, we affirm.

Beaver first objects to the testimony of Larry Wolfe, a prosecution witness, concerning the chemical analysis of counterfeit notes. He complains that the witness was never ruled to be an

expert by the trial court. However, no objection to the admission of his testimony was made at that time. Moreover, it is well recognized that the trial judge possesses broad discretion in the determination whether to admit expert testimony. *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. Sherpix, Inc.,* 512 F.2d 1361 (D.C.Cir.1975); *United States v. Amaral,* 488 F.2d 1148 (9 Cir. 1973). And in view of the fact that Wolfe is head of the Securities Branch of the Research Division of the United States Bureau of Engraving and Printing and holds a Master of Science Degree in chemistry, there appears to be no realistic basis for objection to his qualification as an expert. Any failure to formally qualify Wolfe therefore could hardly have been prejudicial. *See United States v. Frick,* 492 F.2d 791 (5 Cir. 1974). We find no error in the admission of this testimony.

Another contention concerning Wolfe's testimony is that it was irrelevant because it showed a connection only between the bill passed by appellant and a sack of counterfeit money found elsewhere; it did not show any connection between *appellant* and the sack. But appellant overlooks the fact that the testimony of another witness supplied the necessary connection: Mr. Bartee, a fingerprint expert, testified that appellant's fingerprints were found on two bills in the sack.

■■ Appellant also objects to use of evidence concerning transactions with counterfeit notes in Michigan during December, 1973. He asserts that for various reasons this evidence was inherently incredible and that reliance upon it by the jury was error. This contention lacks merit because the events described in this testimony took place at a time well before the offense and were relevant only to prove his knowledge at that later time; the jury's verdict did not necessarily reflect reliance upon this testimony since there was other testimony on this issue. More importantly, the appellant's contention amounts to a dispute as to the credibility of the evidence. It is elementary, however, that the credibility of the evidence is for the jury to determine; this court cannot substitute its own view on the matter. *E. g., United States v. Hearod,* 499 F.2d 1003 (5 Cir. 1974); *United States v. Dimsdale,* 410 F.2d 358 (5 Cir. 1969).

A more substantial complaint by Beaver is that he was denied effective assistance of counsel because of his lack of confidence in the attorney appointed to represent him. The trial court held a hearing on May 2, 1974, and thereafter denied a motion for appointment of new counsel, finding that Beaver's attorney was representing him adequately. At trial both Beaver and his counsel were allowed to question and cross-examine each witness. Beaver not only allowed his counsel to assist him in questioning the witnesses but also conferred with him during the trial.

■ We believe that Beaver's contention must be rejected. While a relationship of trust between counsel and the accused is most helpful in presenting an effective defense, we cannot hold that mere subjective lack of confidence in the attorney by a defendant is sufficient to render the assistance provided by counsel ineffective under the Sixth Amendment. And this is what would be required for us to uphold Beaver's contention in this case. The trial transcript reveals that Beaver received a more than adequate defense. The witnesses were effectively cross-examined and there was an opportunity to present all the evidence which Beaver could muster in his favor. His counsel did not abandon him, but participated throughout the trial when requested to do so. We can find no evidence of irreconcilable conflict or breakdown of communication between appellant and counsel in this record. *See United States v. Young,* 482 F.2d 993 (5 Cir. 1973).

■ Beaver next complains of the government's failure to provide him with

certain information concerning the basis of testimony by a fingerprint expert at trial. Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government furnished Beaver with the fingerprint report supplied it by the United States Secret Service Laboratory. Defendant objected to the testimony at trial of the fingerprint expert who made the report because the specific points of identification and the number of points were not revealed to defendant prior to trial. The government responded that it had furnished Beaver with the entire report in its possession.

■ Under Rule 16, the government is required to furnish to the defense copies of "results or reports" of scientific tests in its possession. By furnishing Beaver with the entire report in its possession, the government complied with this mandate. Beaver argues, however, that information regarding the points of identification was required under the broader rule of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), as interpreted in *United States v. Quinn,* 364 F.Supp. 432 (N.D.Ga.1973). Under *Brady,* the prosecution has an "affirmative duty . . . to produce at the appropriate time requested evidence which is materially favorable to the accused either as direct or impeaching evidence." *Williams v. Dutton,* 400 F.2d 797, 800 (5 Cir. 1968), *cert. denied,* 393 U.S. 1105, 89 S.Ct. 908, 21 L.Ed.2d 799 (1969).

But *Brady* clearly does not impose an affirmative duty upon the government to take action to discover information which it does not possess. The sum total of the information known to the government regarding the fingerprints was in the report which was furnished to Beaver. The government presented no additional or conflicting evidence at trial, and the defense had an opportunity to, and did, cross-examine the witness regarding the points of identification. We find that the government fully satisfied its *Brady* obligation. *See United States v. Gonzalez,* 466 F.2d 1286 (5 Cir. 1972).

■ The appellant also contends that the trial court erred in failing to charge the jury on the issue of alibi. But Beaver did not request such an instruction at trial. Moreover, Beaver's "alibi"—that he was in Tennessee at a time when it was testified he was in Michigan—relates to a period more than a month before the offense took place and goes only to rebut testimony concerning his knowledge. A defense of alibi properly shows that the defendant could not have committed the crime because he was elsewhere *at the time of the offense. United States v. Spoonhunter,* 476 F.2d 1050 (10 Cir. 1973); *United States v. Carter,* 433 F.2d 874 (10 Cir. 1970); *United States v. Booz,* 451 F.2d 719 (3 Cir. 1971), *cert. denied,* 414 U.S. 820, 94 S.Ct. 45, 38 L.Ed.2d 52 (1973). We therefore find this contention meritless.

■ Finally, Beaver argues that testimony as to his sale of counterfeit notes in Michigan did not fit into the well-recognized category of admissible "similar offense" evidence. This is so, he contends, because he told the purchasers that the money was counterfeit; thus there was no intent to defraud as was charged in this case. There is no doubt, however, that the testimony was introduced to show Beaver's *knowledge* that the bill he passed was counterfeit, a permissible purpose of such evidence. *See United States v. Broadway,* 477 F.2d 991 (5 Cir. 1973). So long as the similarity between the acts was sufficient that the testimony has substantial relevancy for that purpose, there is no error; the acts need not be identical. *United States v. Bryant,* 490 F.2d 1372, 1377 (5 Cir.), *cert. denied sub nom., Impson v. United States,* 419 U.S. 832, 95 S.Ct. 57, 42 L.Ed.2d 58 (1974); *United States v. Kasouris,* 474 F.2d 689 (5 Cir. 1973). There can be no real doubt that the testimony at issue met this standard.

The judgment therefore is affirmed.