**STATE of Alaska, Petitioner,**

v.

**Edward CLARK, Joe Ross, Deirdre Taylor, and Barbara Robinson, Respondents.**

**No. 3185.**

Supreme Court of Alaska.

Sept. 23, 1977.

Richard J. Ray, Asst. Dist. Atty., and Harry L. Davis, Dist. Atty., Fairbanks, for petitioner.

Marcus R. Clapp of Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for Robinson.

Jane Kauvar, Asst. Public Defender, Fairbanks, for Taylor.

John Hagey, Asst. Public Defender, Fairbanks, for Clark.

Edward T. Noonan, Fairbanks, for Ross.

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR and BURKE, Justices.

## OPINION

CONNOR, Justice.

This petition for review brings up questions about the scope of discovery under Criminal Rule 16, and the appropriateness of sanctions imposed by the trial court for what it viewed as a failure to make proper discovery.

We will state the critical facts briefly, without unnecessary elaboration of details. Respondents were indicted for various narcotics sale transactions. As a result of pretrial motions, the prosecution was ordered in October, 1976, to furnish the true identity of John Mixon, an informant and witness for the prosecution. In response, the prosecution filed a memorandum from the Area-wide Narcotics Team (Metro Squad), the police agency which had investigated the cases. The memorandum provided, to the extent of the ostensible knowledge of the police agency, the information requested in the defense discovery motion. The prosecution also filed a listing of the computer return of the criminal record of John Mixon, and a negative computer return on the names John Paul Thornton and Anthony Dean Piombino. The defense was also supplied with the criminal record of Anthony Dean Piombino from California.

In the case against Clark and Ross, trial commenced with jury selection on November 22, 1976. Before proceeding further, the court ordered a hearing to determine whether Criminal Rule 16 had been complied with. At the hearing the state's informant witness testified that his true name was Anthony Dean Piombino, that he had used the name John Mixon as an undercover agent, and that at a later time, when arrested in California, he had given his name as John Paul Thornton, Jr. Officers from the Metro Squad testified essentially that they had obtained the criminal conviction records on the informant witness under those names of which they were aware, and had turned over that information to the prosecution. At the hearing, recently received F.B.I. fingerprint cards were made available to court and counsel.

At the conclusion of the hearing the court found that the state had not acted in bad faith, but that it nevertheless had failed to exercise due diligence in establishing the identity of the informant witness. As a sanction the court ruled that the prosecution would not be permitted to call the witness at trial. From this order we have granted review.

■ Our rule on criminal discovery requires that the prosecutor shall disclose information within his possession and control to defense counsel, including "names and addresses of persons known by the government to have knowledge of relevant facts," together with their written statements. Criminal Rule 16(b)(1)(i).[1] The rule extends to material in the possession or control of investigatory agencies such as, in this case, the Metro Squad. Criminal Rules 16(b)(4)(ii).[2] Criminal Rule 16(e)(1) provides for sanctions in the following terms:

"(e) *Sanctions.*

1. Criminal Rule 16(b)(1)(i) provides:

"(1) *Information Within Possession or Control of Prosecuting Attorney.* Except as is otherwise provided as to matters not subject to disclosure and protective orders, the prosecuting attorney shall disclose the following information within his possession or control to defense counsel and make available for inspection and copying:

(i) The names and addresses of persons known by the government to have knowledge of relevant facts and their written or recorded statements or summaries of statements;"

2. Criminal Rule 16(b)(4)(i) and (ii) provides:

"(4) *Information Within Possession or Control of Other Members of Prosecuting Attorney's Staff.* The prosecuting attorney's obligations extend to material and information in the possession or control of

(i) members of his staff, and

(ii) any others who have participated in the investigation or evaluation of the case and who either regularly report or with reference to the particular case have reported to his office."

*See* A.B.A. Standards Relating to Discovery and Procedure before Trial, Sec. 2.1, comment 3, at 78 (Approved Draft 1970).

(1) *Failure to Comply with Discovery Rule or Order.* If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed or enter such other order as it deems just under the circumstances."

In our view the state substantially complied with its discovery obligation. Nothing in Rule 16 requires the prosecution to discover information which it does not possess or control, or to prepare the defendant's case for him. It is enough if the government provides the information it does have within its control. What was required in the case at bar was not an in-depth investigation of possible aliases which the witness had used in the past, but only disclosure of the information within the prosecution's possession and control. That the police did not investigate the background of the witness to the point of learning possible additional aliases cannot be considered a failure by the prosecution to comply with Rule 16. We conclude that the trial court erred in finding a violation of the rule.

Defendants also assert that their constitutional right to confront the witnesses against them requires that the state make available to them information which would aid them in impeaching Mixon's testimony on cross-examination. They rely on *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Smith v. Illinois,* 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968), and *Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931). *Salazar v. State,* 559 P.2d 66, 76–79 (Alaska 1977). But all those cases concerned information in the possession of the prosecution. None of them held that the confrontation clause required the prosecution to acquire additional information which was not under its control, nor does any other case of which we are aware. *See also United States v. Beaver,* 524 F.2d 963, 966 (5th Cir. 1975), *cert.*

*denied,* 425 U.S. 905, 96 S.Ct. 1498, 47 L.Ed.2d 756 (1976); *Whitton v. State,* 479 P.2d 302, 317 (Alaska 1970) ("acts which the state knows about"). Therefore, we conclude that this constitutional doctrine does not compel affirmance of the superior court's order.

In view of our determination, it is not necessary to reach the question of whether the trial court abused its discretion by imposing a disproportionately severe sanction.

We reverse the order of the superior court and direct that this case be set for trial, at which the witness shall be permitted to testify.

MATTHEWS, J., not participating.