UNITED STATES, Appellee,

v.

Specialist Five Wayne T. DAVISON, SSN
558–82–5678, United States
Army, Appellant.

SPCM 12284.

U. S. Army Court of Military Review.

10 Nov. 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Major Benjamin A. Sims, JAGC, were on the pleadings for appellant.

Major John T. Sherwood, Jr., JAGC, Captain Lee D. Schinasi, JAGC, and Captain Michael J. Hurley, JAGC, were on the pleadings for appellee.

Before JONES, Senior Judge, and MITCHELL and DeFORD, JJ.

## OPINION OF THE COURT

DeFORD, Judge:

The appellant, contrary to his pleas, was convicted by a special court-martial of sale and possession of marijuana in violation of Article 134, Uniform Code of Military Justice (UCMJ) (10 U.S.C. § 934). His approved sentence included a bad-conduct discharge, confinement at hard labor for three months, and forfeiture of $150.00 per month for four (4) months.

Our review of the appellant's case is pursuant to Article 66 (UCMJ) (10 U.S.C. § 866).

Among several assignments of error, appellant alleges that he was prejudiced by governmental action in failing to locate a key defense witness who had been requested and the subsequent failure to produce the witness for trial.

The operative facts with which we are concerned are that the appellant and a friend named Rominger, were driving in appellant's automobile to various training areas on the Fort Bliss, Texas, military reservation. The two men sought to locate trainees to whom they could sell marijuana.

Privates Mixon and Williams had been recruited by the Criminal Investigation Command to act as informants and placed in a training area under the surveillance of special agents.

The appellant drove to the training area and Rominger called to Williams and Mixon. Private Williams approached the car and talked with the occupants. He then waived to Private Mixon who joined him at the side of appellant's automobile. The two privates then entered the vehicle at which time a sale of four packages of marijuana was consummated. Each informant purchased two bags of marijuana for the sum of $20.00 in controlled government funds. Following consummation of the sale, the informants signaled the special agents who arrested the appellant and Rominger for the illegal sale.

At trial, appellant's individual defense counsel moved to dismiss the charge and its specifications based upon the failure of the Government to produce for trial and for examination by the defense, the informant. (The record does not disclose which informant the defense desired. However, we assume it must have been a request for Private Williams.) The record reflects that the military defense counsel made two verbal requests to the prosecutor for the production of the witness prior to trial. At trial, the individual defense counsel filed a motion before the court in which it was requested that "the informant" be produced for examination and deposition for the purpose of ascertaining whether he existed, was reliable, whether probable cause existed, whether the informant was in fact participating in the crime, whether he was a material witness, and whether entrapment existed in the case by reason of the informant inducing the appellant to commit the alleged crime, and to determine whether there was an unlawful search and seizure.

The foregoing written motion (Appellate Exhibit II) was at best, inartfully phrased. Nevertheless it expressed the appellant's desire to interview the absent witness for such benefit as might be gained. This motion was not served upon the prosecutor prior to trial. The prosecutor had tried to locate Williams, who had been discharged from the Army, for the purpose of testifying in another case. The Government had previously forwarded invitational orders to Williams by certified mail to appear in that case. The orders were returned on 7 May 1976 unserved as the witness could not be found. The military judge overruled the appellant's motion as he determined the witness was unavailable (R 18–20).

The record indicates that the appellant and his counsel did not seek a continuance in order to further explore whether the witness could be found.

The sixth amendment to the Constitution of the United States provides in part that an accused is entitled to have compulsory process for obtaining witnesses in his

favor. Article 46 [1] of the Code implements the requirements of the Constitution concerning compulsory process for obtaining witnesses for personnel in the armed forces.

The President of the United States, pursuant to the authority contained in the foregoing article, has prescribed rules governing the issuance of such process in the Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM). Paragraph 115, MCM, 1969 (Rev. ed.), provides that where disagreements exist between opposing counsel as to whether the testimony of a witness requested by the accused would be necessary, the matter is to be referred to the convening authority or the court-martial depending upon the stage of the proceedings in which the issue is raised. Such request for personal appearance of a witness will be submitted in writing, together with a statement, signed by counsel requesting the witness which contains (1) a synopsis of expected testimony, (2) full reasons which necessitate the personal appearance of the witness (relevance and materiality), and (3) any other matter showing that such expected testimony is necessary to the ends of justice.[2]

The foregoing procedure is somewhat similar to Rule 17(b), Federal Rules of Criminal Procedure. It has been established that the requirement of the two rules are identical with the exception of the requirement in 17(b) that an accused aver

that he or she doesn't have means to pay the necessary costs attendant upon the witness's appearance.[3]

In *United States v. Sweeney, supra,* the Court quoted from *United States v. Shibley,* 112 F.Supp. 734 (S.D.Cal.1953), to the effect that "unless the military code specifically provides otherwise, rules applicable to subpoena of witnesses before civil tribunals apply with equal force to . . . . [military] tribunals."

Whether under the Federal Rules or the Uniform Code of Military Justice, once materiality and relevancy are established, the witness under most circumstances, must be produced or the proceedings abated.[4]

However, the foregoing rule and the factual application in which it has been applied all deal with government action or the lack thereof which results in the accused being denied a relevant and material witness whose location and presence is known.

Federal courts acting under the authority of Rule 17(b), *supra,* have determined that the rule does not require the Government to search for missing defense witnesses.[5] It has further been held that where an accused is unable to furnish information as to where the witness might be found, issuance of a subpoena would have been unavailing and without any benefit. Failure of the court to issue the subpoena did not consti-

---

1. "§ 846. Art. 46. Opportunity to obtain witnesses and other evidence.

   "The trial counsel, the defense counsel, and the court-martial shall have equal opportunity to obtain witnesses and other evidence in accordance with such regulations as the President may prescribe. Process issued in court-martial cases to compel witnesses to appear and testify and to compel the production of other evidence shall be similar to that which courts of the United States having criminal jurisdiction may lawfully issue and shall run to any part of the United States, or the Territories, Commonwealths, and possessions."

2. The validity of the requirement to submit requests for witnesses through the trial counsel is somewhat in question in view of Footnote 8, *United States v. Carpenter,* 24 U.S.C.M.A. 210, 212, 51 C.M.R. 507, 509, 1 M.J. 384, 386 (C.M. A.1976).

3. *See United States v. Sweeney,* 14 U.S.C.M.A. 599, 34 C.M.R. 379 (1964). *Also see* Judge Cook's dissent in *United States v. Willis,* 3 M.J. 94 (C.M.A.1977), concerning the impact of *Sweeney, supra,* and *United States v. Manos,* 17 U.S.C.M.A. 10, 37 C.M.R. 274 (1967).

4. *See United States v. Daniels,* 23 U.S.C.M.A. 94, 48 C.M.R. 655 (1974); *United States v. Ituralde-Aponte,* 24 U.S.C.M.A. 1, 51 C.M.R. 1, 1 M.J. 196 (C.M.A.1975); *United States v. Carpenter,* 24 U.S.C.M.A. 210, 51 C.M.R. 507, 1 M.J. 384 (C.M.A.1976); *United States v. Willis, supra; United States v. Jouan,* 3 M.J. 136 (C.M. A.1977).

5. *See United States v. DiGregorio,* 148 F.Supp. 526, 528 (D.C.N.Y.1957); *United States v. Ridley,* 134 U.S.App.D.C. 79, 412 F.2d 1126 (1969).

tute error.[6] The Court assumes for the purposes of discussion, that the requested witness was relevant and material to the accused's theory of the case.

■ There appears to be a paucity of military law on this issue.[7] It is beyond cavil that the responsibility for investigation of the defense's case, including the existence and location of favorable witnesses, rests upon the accused and his counsel.

■ Here we believe the appellant and his two trial defense counsel were in as good a position as the government prosecutor to investigate the subject witness' location. Military counsel for the prosecution and the defense had equal access to the repository of the witness' military records. The government prosecutor here had no special advantage or other special expertise in locating the absent civilian witness.

Accordingly, we hold that (1) the Government had no responsibility under the circumstances of this case, to investigate and ascertain the location of the defense's requested witness; (2) that in the absence of the known location of the requested witness, there was no responsibility on the part of the Government to issue a subpoena which would have served no useful purpose; (3) the military judge did not abuse his discretion in refusing to dismiss the charge and its specification based upon the failure of the Government to produce the requested witness.

■ In short, compulsory process is available to an accused after he has met the conditions precedent of materiality, relevancy, and a known location where the witness can be served with the process in the United States, its Territories, Commonwealths, and its possessions.

The remaining assignments of error have been considered and are deemed to be without merit.

The findings of guilty and the sentence are affirmed.

Judge MITCHELL concurs.

JONES, Senior Judge, concurring:

I concur that under the facts of this case the Government made a reasonable, good faith effort to obtain the presence of the witness, Williams. *United States v. Kilby*, 3 M.J. 938, 944 (N.C.M.R.1977). The absence of a request for a continuance or some other expression by appellant of a desire for further delay to seek the witness' whereabouts, and the further absence of a showing of how Williams' testimony would differ from Mixon's and Rominger's, or might aid appellant in establishing a defense indicates that appellant was not really interested in Williams' appearance and could not in fact support the need for his presence.

I am not prepared in this case to delineate the rules that will govern the subpoena of defense witnesses under all future circumstances. I believe the law should evolve as the appropriate cases arise. For example, I am not prepared to place the entire burden of locating a witness on the appellant and his counsel. The proviso for defense counsel requesting his witnesses through the trial counsel could be of great benefit to an accused by affording him the same resources as are available to the Government in obtaining witnesses. On the other hand, the defense cannot merely submit a name and demand the witness' presence, as he did here, without running the risk of failing to meet his responsibilities in obtaining the witness.

**6.** *United States v. Upchurch*, 286 F.2d 516 (4th Cir. 1961).

**7.** *See United States v. Kilby*, 3 M.J. 938 (N.C.M. R.1977).