**UNITED STATES**

**v.**

**Airman Basic Rodney A. SEEK, FR 573–13–9183 United States Air Force.**

**ACM S25499.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 14 Jan. 1982.

Decided 2 July 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain William Connelly, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Major Michael J. Hoover.

Before KASTL, HEMINGWAY, and RAICHLE, Appellate Military Judges.

## DECISION

HEMINGWAY, Judge:

Contrary to his pleas, the accused was found guilty by special court-martial of two specifications of willful damage to military property of the United States, in violation of Article 108, Uniform Code of Military Justice, 10 U.S.C. § 908.

In a single assigned error the accused contends the military judge erroneously denied a defense motion to dismiss the charge and its specification after the Government failed to produce a defense requested witness. We disagree. We are satisfied that, under the circumstances of this case, the judge did not abuse his discretion in denying the defense motion.

The accused was a prisoner serving a sentence of confinement at Nellis Air Force Base, Nevada. As a member of a work detail, he was assisting in the removal of furniture from an Air Force dormitory scheduled for renovation. The accused and one of his co-workers kicked and smashed a number of holes in the dormitory walls, causing over $100.00 damage. The primary witnesses against the accused were Airman Backlarz, an admitted accomplice, and Airman Lowe, another member of the work detail. The witness requested by the defense, Michael Lamb, had been a member of the same work detail as the accused but was, at the time of the request and at the time of trial, a civilian. Although the Government contended at trial and in its brief that Lamb's testimony would have been immaterial, we find to the contrary. While portions of Lamb's expected testimony may have been cumulative, we will assume for purposes of argument it would have been material on the issue of Lowe's credibility.

The defense counsel served a written request on the Government on 16 December 1981, four weeks prior to trial, for the production of Lamb as a material witness. Upon receipt of the request, the assistant trial counsel charged Sergeant Donna Hoppe with the responsibility of contacting Lamb by phone. On an unspecified date between 16 and 25 December 1981, Lamb telephonically advised Hoppe that he had informed defense counsel that he never observed the accused do any damage to the dormitory, since he was working in a different area of the building, and that he could provide no relevant information. Attempts to pass this information to defense counsel were unsuccessful and on 28 December 1981 a subpoena and invitational travel orders were mailed to Andrews Air Force Base, Maryland, for formal service on Lamb. Before the commencement of the trial, a security policeman from Andrews AFB attempted to serve the subpoena, but Lamb had left the area and was somewhere enroute to Florida and Texas. At trial, the military judge, without comment, denied the defense motion to dismiss the charge and specifications for failure of the Government to produce the requested witness.

The rules relating to the production of witnesses are well settled. Witnesses who are necessary and material to an accused's defense must, if available, be obtained as a matter of due process. *United States v. Sweeney*, 14 U.S.C.M.A. 599, 34 C.M.R. 379 (1964). Rulings adverse to an accused concerning requests for the production of witnesses are subject to review and will be reversed if they reflect an abuse of discretion by the trial judge. *United States v. Tangpuz*, 5 M.J. 426 (C.M.A.1978). Once materiality has been established, the Government must produce the witness requested by the defense or abate the proceedings. *United States v. Williams*, 3 M.J. 239 (C.M.A.1977).

In this case we find that after a good faith and reasonably diligent effort to serve a subpoena on the requested witness, the witness was unavailable and the Government had met its responsibility. The obligation to locate witnesses favorable to the accused rests with the defense. *United States v. Davison*, 4 M.J. 702 (A.C. M.R.1977). We are not faced with a request for a continuance here to provide additional time to locate a witness, but a motion to dismiss. We find no abuse of discretion in denial of that motion. Accord-

ingly, the findings of guilty and the sentence are

AFFIRMED.

KASTL, Senior Judge, and RAICHLE, Judge, concur.