UNITED STATES, Appellee,

v.

Staff Sergeant Bertram A. GANS, 087–50–8369, United States Army, Appellant.

CM 447929.

U.S. Army Court of Military Review.

30 Sept. 1986.

For appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, Captain Annamary Sullivan, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Denise K. Vowell, JAGC, Captain Joseph P. Falcone, JAGC (on brief).

Before DeFORD, WILLIAMS and KENNETT, Appellate Military Judges.

OPINION OF THE COURT

DeFORD, Senior Judge:

The appellant was convicted contrary to his pleas, by a court-martial composed of officer and enlisted members, of larceny and making a false claim in violation of Articles 121 and 132, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. §§ 921 and 932 (1982), respectively. His approved sentence included a bad-conduct discharge and confinement for one year.

Among several assignments of error, the appellant alleges: (1) he was denied due process of law when he was denied his right of discovery; (2) the trial judge erred by failing to grant appellant's motion to find the Specification of Charge II (making a false claim) multiplicious for finding purposes with the Specification of Charge I (larceny); and (3) the trial judge erred in admitting into evidence a document called "First Finance Form 44" (Prosecution Exhibit 2). We will consider these allegations seriatim.

## I

Prior to trial, the prosecution was served with a defense "Notice of Motion" (Appellate Exhibit III). This document, among other things, included a motion to abate the proceedings on the grounds that the prosecution had failed to produce, at the defendant's request, the name, present location, and phone number of the finance clerk who aided the appellant in preparing the documents, the submission of which constituted the basis of the allegation of false claim contained in the Specification of Charge II. The defense further stated this unknown female was essential to the proceedings because only she could substantiate or otherwise discuss the appellant's explanation of why the documents were submitted. The motion further stated the defense had made a diligent effort to find the person without success. Finally, the motion requested the prosecution produce a list of names of all clerks working in the Finance Service Section of the First Finance Office in Taegu, Korea, as well as the names of any clerks "who would be likely to help out in that section" during the month of September 1983.

In response to the defense request, the prosecution sent an electronic message through Criminal Investigation Command channels and identified four female soldiers who had previously been assigned to the First Finance Office in Taegu, Korea, during the time period in question. This information was given to the defense. The defense did not request a continuance to further explore the identification of the purported witness.

At trial, the judge denied the motion to abate, noting he was not assured the witness even existed.

The sixth amendment to the Constitution of the United States provides in part that an accused is entitled to have compulsory process for obtaining witnesses on his behalf. Article 46, UCMJ, 10 U.S.C. § 846, implements the constitutional requirements concerning compulsory process for obtaining witnesses in the armed forces.

The Manual for Courts-Martial, United States, 1984 [hereinafter cited as M.C.M., 1984], Rule for Courts-Martial [hereinafter cited as R.C.M.] 703 implements the statutory requirements of Article 46, UCMJ. Rule 703 provides, *inter alia*, that the prosecution, defense, and court-martial shall have equal opportunity to obtain witnesses and evidence, including the benefit of compulsory process. Each party is entitled to production of any witness whose testimony would be relevant and necessary. With regard to absent witnesses, the Rule provides that, if the testimony of an unavailable witness is of such central importance to an issue, is essential to a fair trial, and if there is no adequate substitute for such testimony, the military judge shall grant a continuance or other relief in order to attempt to secure the witness' presence or shall abate the proceedings, unless the unavailability of the witness is the fault of, or could have been prevented by, the requesting party. R.C.M. 703(b)(3). Finally, the Rule provides that the defense shall submit to the trial counsel a written list of witnesses whose production by the government the defense requests. R.C.M. 703(c)(2)(A). The list shall contain witnesses' names, telephone numbers, if known, the address or location of each witness so the witness can be found upon the exercise of due diligence, and a synopsis of the expected testimony sufficient to show its relevance and necessity. R.C.M. 703(c)(2)(B)(i). A portion of R.C.M. 703 is based on Federal Rule of Criminal Procedure 17(b) [hereinafter cited as Fed.R.Crim.

P.]. *See* Manual for Courts-Martial, United States, 1969 (Rev.ed.), para. 115 [hereinafter cited as M.C.M., 1969], and M.C.M., 1984, Analysis of Rule for Court-Martial 703, App. 21, A21–32 [hereinafter cited as R.C.M. 703 analysis].[1] This intent was no doubt based on case law which preceded adoption of the M.C.M., 1984. For example, in *United States v. Sweeney*, 34 C.M.R. 379 (C.M.A.1964), the court quoted with approval from *United States v. Shibley*, 112 F.Supp 734 (S.D.Cal.1953), to the effect that "unless the military code specifically provides otherwise, rules applicable to the subpoena of witnesses before civil tribunals apply with equal force to ... [military] tribunals." Federal civilian trial courts have generally held that Fed.R.Crim.P. 17(b) does not require the government to search for missing defense witnesses. *See United States v. Ridley*, 412 F.2d 1126 (D.C.Cir.1969); *United States v. Di Gregorio*, 148 F.Supp. 526, 528 (S.D.N.Y.1957). Nor is there any requirement for the government (prosecution) to discover information it does not possess. *United States v. Beaver*, 524 F.2d 963, 966 (5th Cir.1975), *cert. denied*, 425 U.S. 905, 96 S.Ct. 1498, 47 L.Ed.2d 756 (1976). With the above in mind, we now address the facts of the case *sub judice.*

■ Here, the defense requested a female who presumably was an enlisted soldier who worked in the First Finance Office in Taegu, Korea, during the month of September 1983. No name, rank, or location was given, nor did the defense detail any efforts they may have made to determine who the person was or where she may have been. No synopsis of expected testimony was provided other than defense team's hope that this person could substantiate appellant's unreported explanation of what must be assumed to be his signing of the financial documents relating to Basic Allowance for Quarters [hereinafter referred to as BAQ] and Variable Housing

Allowance [hereinafter referred to as VHA]. The prosecution made a substantial effort to find the so-called missing person; however, these efforts apparently did not satisfy the defense.. Further, as previously noted, the defense counsel did not request a continuance of the trial date in order to make further efforts to locate the unnamed person.

Some years ago, in *United States v. Davison*, 4 M.J. 702 (A.C.M.R.1977), we considered a factual situation somewhat similar to this case. There, we stated the responsibility for investigation of the defense's case, including the existence and location of favorable witnesses, rests upon the accused and his counsel. *Id.* at 705. Here, the defense failed to shoulder that burden. Accordingly, we hold that, under the circumstances of this case, the trial judge did not err in overruling the appellant's motion to abate the proceedings.

## II

■ Appellant's second assignment of error alleges the trial judge erred by failing to grant appellant's motion to find Charge II (making a false claim) multiplicious for finding purposes with Charge I (larceny). We agree.

The record of trial establishes the factual circumstances surrounding the making of a false claim constituted the basis for both charges. As such, the two charges were multiplicious for finding purposes. *United States v. Fullwood*, 21 M.J. 167 (C.M.A. 1985) (summary disposition); *see United States v. Allen*, 16 M.J. 395 (C.M.A.1983). Accordingly, the trial judge erred in denying the appellant's motion for such a finding. There was no prejudice to the appellant on sentencing as the trial judge instructed the members the two charges were multiplicious for punishment purposes. We will dismiss the offending

---

**1.** The reference to R.C.M. 703(c) set forth in the analysis to M.C.M.1984, at A21–32, stating that "The procedure for obtaining witnesses under Fed.R.Crim.P. 17 is not practicable in courts-martial," refers only to court directed subpoenas, a procedure not employed in courts-martial. Paragraph 115, M.C.M., 1969, from which R.C.M. 703 derived, was in fact generally based on Fed.R.Crim.P. 17. *See United States v. Sweeney,* 34 C.M.R. 379, 382 (C.M.A.1964).

charge and specification in our decretal paragraph.

## III

■ Turning to the final assignment of error, appellant alleges the trial judge erred in admitting into evidence Prosecution Exhibit 2 (First Finance Form 44). At the beginning of trial, the prosecution offered the document into evidence on the basis that it was a certified photostatic record of the appellant's request for VHA which was a part of the official records on file in the Records Management Division, U.S. Army Finance and Accounting Center, Indianapolis, Indiana, and that the records were required by regulation to be kept on file. The certificate was signed by the official custodian of the originals of these documents. The individual defense counsel objected on the basis that: (1) it was not an official document; (2) defense did not know the condition of the document in terms of what was filled in on the form or by whom; (3) the document was not a "claim" document; (4) the document was not required by regulation; (5) the document could not be qualified for admission into evidence in the absence of a witness to establish its foundation; and (6) the document was not relevant and material. The trial judge first ordered the document admitted but then reconsidered and took the offer under advisement. He subsequently admitted the document into evidence.

Military Rule of Evidence 803(6) provides that the following are not excluded by the hearsay rule, even though the declarant is available as a witness:

*Records of regularly conducted activity.* A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compila-

tion, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes the armed forces, a business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. Among those memoranda, reports, records, or data compilations normally admissible pursuant to this paragraph are enlistment papers, physical examination papers, out-line-figure and fingerprint cards, forensic laboratory reports, chain of custody documents, morning reports and other personnel accountability documents, service records, officer and enlisted qualification records, logs, unit personnel diaries, individual equipment records, daily strength records of prisoners, and rosters of prisoners.

The Rule permits records of regularly conducted activities to be admitted as an exception to the hearsay rule. The guarantee of reliability is in the regularity of the record keeping. In order to lay the foundation for the admission of First Finance Form 44 (Prosecution Exhibit 2), it was incumbent upon the prosecution to establish the document was "made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation...." The foundation may be established "by the testimony of the custodian or other qualified witness."

The document in question was undated but submitted after appellant's arrival in Korea. It was titled "Authorization for Variable Housing Allowance (VHA)" and constituted a submission of information to qualify for that allowance. Appellant, on the form, certified he had four dependents who resided at "Ledo Rd., Ft. Lee, Peters-

burg, Virginia 23801;"[2] that his dependents did not occupy government quarters; and, finally, that appellant would notify the finance office of any change in his dependents' address or dependency status. Additionally, the form certified the accuracy of the data it contained. The prosecution's witness to establish its foundation under Mil.R.Evid. 803(6) was Mrs. Kaleyta, the Chief of Records Review of the Fort Lee, Virginia, Finance and Accounting Office. She testified that the form or its equivalent was necessary for a soldier to receive VHA, which was based on the zip code location of the soldier's residence. She further stated she had previously seen these forms used in finance records, and that the form would become part of the permanent finance record and be forwarded to the U.S. Army Finance Center. Finally, she identified the filing date of the document at the Finance Center.

It has been established that a witness may testify as to procedures employed concerning use of given documents regardless of whether that witness was present during the creation of those documents. *United ed States v. Wetherbee*, 10 M.J. 304 (C.M.A. 1981); *see also United States v. Page*, 544 F.2d 982, 987 (8th Cir.1976). The prosecution's evidence established the document was based upon information submitted by the appellant after he had arrived in Korea; that the information contained in the form was kept in the regular course of business of the Army Finance Office whose business was to pay proper housing allowances; and, such information was required to be maintained and forwarded to the Army Finance Center. Finally, Mrs. Kaleyta, although not a member of the First Finance Office, was nevertheless intimately familiar with the Army finance records generally, and, we believe, a qualified witness to testify concerning methods used in substantiating, paying, and recording payments of VHA. Thus, she was a qualified witness within the meaning of Mil.R.Evid. 803(6). Finally, we note the information submitted on the document was required

by regulation. We find no error in the admission of Prosecution Exhibit 2.

The remaining assignments of error, including those personally asserted by appellant, have been considered and are deemed to be without merit.

The findings of guilty of Charge II and its Specification are set aside and that charge and specification are dismissed. The remaining findings of guilty and the sentence are affirmed.

Judge WILLIAMS and Judge KENNETT concur.

2. It is interesting to note that the address included "Ft. Lee."