**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**SCOTT WHITNEY, Defendant**

High Court of American Samoa
Trial Division

CR No. 26-91

January 29, 1992

---

Before KRUSE, Chief Justice, LOGOAI, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Thomas E. Dow, Assistant Attorney General
For Defendant, Robert A. Dennison III

The defendant moved to compel discovery and disclosure of exculpatory information. This led to an order directing the government to respond to the defendant's requests within a certain number of days; accordingly, the prosecutor submitted written responses. Claiming that the prosecutor's responses were inadequate, the defendant moves to dismiss the case based on violations of the rule of Brady v. Maryland, 373 U.S. 83 (1963), and T.C.R.C.P. 16.

The Court finds that the prosecutor's responses to the defendant's Motion for Discovery and Disclosure were inadequate in the following ways:

(1) The response to the Brady requests states that most of the requested items are "not in the custody or control of the prosecutor or [are] immaterial." Government's Response to Defense Request for Exculpatory Evidence, at 2 (filed July 31, 1991). This statement is insufficient. The responses to many of the discovery requests, that no such items are "in the possession of the prosecutor and subject to disclosure," Government's Response to Defendant's Demand for Discovery, at 1-2 (filed July 31, 1991), are equally insufficient. The prosecutor must make a duly diligent inquiry of all other relevant branches of the government for the requested information. United States v. Smith, 552 F.2d 257, 261-62 (8th Cir. 1977). The prosecutor must then answer for the government, not just the prosecutor's office.

(2) Those same responses are also inadequate because they are ambiguous. For potential Brady material, the prosecutor must identify specifically whether each requested item is not produced because it is not in the possession of the government or because it is immaterial. See United States v. Agurs, 427 U.S. 97, 106 (1976). For potential Rule 16 material, the items may be discoverable if they are intended for use in the prosecution's case-in-chief, if they are "material to the preparation of the defense," or if they belong to the defendant; the prosecution's answer blurs these individual categories into one compound category, and does

47

not address them all. The alternative answer given by the Government to the Brady request, that the items either are not in the prosecutor's possession or are immaterial, does not identify the reason for nondisclosure with sufficient particularity, and the compound response given to the discovery requests does not rule out each category individually. Some disputes over materiality may need to be resolved in camera, see id.; accordingly, both the court and the defendant need to know which items the government does not possess, and which are claimed to be immaterial.

The court finds that the following allegations by the defendant do not constitute Brady or discovery violations:

(1) The alleged instructions by Mr. Buckner that witnesses not talk with the defendant's attorney. Any possible violation in this regard has been cured, as even the defendant's affidavits show, by the letter issued by the prosecutor. Brady is not a penalty for prosecutorial misconduct, Agurs, 427 U.S. at 110; once the potential for an unfair trial has been cured, no Brady violation is possible, since Brady is premised on the right to a fair trial. Brady, 373 U.S. at 87; United States v. Moore, 439 F.2d 1107, 1108 (6th Cir. 1971).

(2) Alleged government "obstructionism" with the CPS psychiatrist. This interference is, at most, a refusal by the government to affirmatively investigate or create exculpatory information, which the Brady rule has never required of the Government. United States v. Beaver, 524 F.2d 963 (5th Cir. 1975), cert. denied, 425 U.S. 905 (1976); United States v. Sukumolachan, 610 F.2d 695 (9th Cir. 1980).

(3) The Government's late production of the police report. Any potential Brady violation was cured by the production of the report in time for the defendant to use it effectively at trial. Brady, 373 U.S. at 86; United States v. McKinney, 758 F.2d 1036, 1050 (5th Cir. 1985).

(4) All of the "discovery requests," with the exception of any existing reports or results of tests, do not fall within the specifically delineated categories for criminal discovery under Rule 16. These items are therefore not discoverable under Rule 16, but may be subject to disclosure if they fall within the parameters of Brady. The government should therefore respond to these as Brady requests as well as discovery requests.

The remaining claims by the defendant have not yet risen to the

48

level of <u>Brady</u> violations, but may rise to that level if the prosecutor fails to provide responses sufficient to ensure a fair trial.

It is ordered that the government answer each request, specifically and on behalf of the government, from each of the several documents requesting disclosure to the defendant, within 10 days of date of entry hereof.

It is further ordered that defendant's Motion to Dismiss is denied.