William T. **HARRIS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 19549.

United States Court of Appeals
District of Columbia Circuit.

Argued May 26, 1966.

Decided June 30, 1966.

Petition for Rehearing En Banc
Denied Sept. 21, 1966.

Mr. Leonard L. Lipshultz, Washington, D. C., (appointed by this court) for appellant.

Mr. Theodore Wieseman, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and BURGER and LEVENTHAL, Circuit Judges.

PER CURIAM:

A jury returned a verdict finding Appellant guilty of murder, second degree, D.C.CODE § 22–2403 (1961), and assault with a dangerous weapon, D. C. CODE § 22–502 (1961). Concurrent sentences of life imprisonment on the murder count and nine years on the assault count were imposed.

The record shows that Appellant entered the house of one Mrs. Ebron, a former girl friend, and attacked Wallace Parker, a guest, the victim of the homicide shortly to occur. Appellant also struck Mrs. Ebron, who fled. She returned within a few minutes and finding Appellant still in her home she tried to telephone the police. Appellant prevented this and Mrs. Ebron again fled, this time going a few doors away to the home of Parker. Appellant obtained a knife from Mrs. Ebron's kitchen and went to the door of Parker's home shouting threats at him. Parker told Appellant to leave and, having no success, opened the door carrying a baseball bat and again told Appellant to leave.

Two eye witnesses saw the ensuing fight and one testified that Parker backed away from Appellant, who stabbed Parker several times, killing him.

 The instructions on self-defense were not objected to at trial. The essence of Appellant's claim on appeal is that the first entry into Mrs. Ebron's

home and the assaultive acts there were an independent, separate episode and should not have been admitted in evidence as part of the whole "mosaic."

The total time lapse between Appellant's arrival at his former girl friend's house and his arrest after the killing was about fifty minutes. Plainly the events at Mrs. Ebron's house were but a prelude to the fatal attack on Parker, and the jury was entitled to know of the actions of the victim and of Appellant at the first stages in order to evaluate Appellant's claim of self-defense and to determine who was the aggressor in the fight at Parker's home.

One who is attacked may repel the attack with whatever force he reasonably believes is necessary under the circumstances,[1] but only if he has not provoked the fight. One cannot provoke a fight and then rely on a claim of self-defense when that provocation results in a counterattack, unless he has previously withdrawn from the fray and communicated this withdrawal.[2] To determine whether Appellant was the aggressor and whether he could establish a claim of self-defense, the jury was required to consider all the circumstances leading up to the fatal affray at Parker's home. They could not determine whether Appellant was the aggressor when he appeared at Parker's door or whether Parker was the aggressor unless they knew the background of Appellant's appearance. Any attempt to insulate the final affray from what had gone on before would distort the concept of aggression and the burdens falling on an aggressor.

The District Court's instructions were not only eminently correct but also made it abundantly clear that the jury had to decide whether Parker or Appellant was the aggressor.

Affirmed.

1. Brown v. United States, 256 U.S. 335, 41 S.Ct. 501, 65 L.Ed. 961 (1921); Inge v. United States, 123 U.S.App.D.C. 6, 356 F.2d 345 (1966).

2. Rowe v. United States, 164 U.S. 546, 17 S.Ct. 172, 41 L.Ed. 547 (1896); Frady v.

United States, 121 U.S.App.D.C. 78, 348 F.2d 84, 98 (concurring opinion), cert. denied, 382 U.S. 909, 86 S.Ct. 247, 15 L.Ed.2d 160 (1965).