**UNITED STATES of America,**
**Appellee,**

v.

**Raymond A. RIDLEY, Appellant.**

**No. 22426.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 9, 1969.

Decided May 29, 1969.

8. Valley Broadcasting Co. v. Federal Communications Commission, 99 U.S.App.D.C. 156, 159, 237 F.2d 784, 787 (1956).

at the time the brief was filed, were on the brief, for appellee.

Before WRIGHT, MCGOWAN and TAMM, Circuit Judges.

## PER CURIAM.

Appealing from a conviction for unauthorized use of a motor vehicle, appellant makes three principal contentions.[1] The first is that the indictment should be dismissed because appellant was without counsel at his arraignment. The plea entered was that of not guilty, and the record indicates that appellant, who had been free on personal recognizance since the day of his arrest, represented to the District Court that he would retain counsel on his own. It was not until some two weeks after arraignment that appellant, still free pending trial, filed an *in forma pauperis* affidavit, at which time counsel was appointed for him more than two months before trial. Under these circumstances, we see no basis for present complaint by appellant.[2]

Secondly, appellant asserts that he was deprived of his Sixth Amendment assurance of process to produce a witness important to his case. Rule 17(b), Fed.R.Crim.P., provides in such

Mr. Noel H. Thompson, Washington, D. C. (appointed by this court) for appellant.

Mr. John D. Aldock, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., at the time the brief was filed, and Frank Q. Nebeker, Asst. U. S. Atty.,

1. Appellant complains that he was sentenced by a judge other than the one who presided over his trial. But it appears that the trial judge was prevented for sometime from sitting due to illness, and the sentencing steps taken in appellant's case were wholly in accordance with the authority conferred in Rule 25(b), Fed. R.Crim.P. Another contention that appellant was improperly denied an opportunity to interview a Government witness is not borne out by the record.

2. The Government suggests that appellant's claim that lack of counsel at arraignment was prejudicial "can only be viewed as frivolous," citing four cases in which this court found no prejudice. Stith v. United States, 124 U.S.App.D.C. 81, 361 F.2d 535 (1966); Barnett v. United States, 123 U.S.App.D.C. 38, 356 F.2d 791 (1965), cert. denied, 384 U.S. 980, 86 S. Ct. 1881, 16 L.Ed.2d 691 (1966); Anderson v. United States, 122 U.S.App.D. C. 277, 352 F.2d 945 (1965); McGill v.

United States, 121 U.S.App.D.C. 179, 348 F.2d 791 (1965). However, in each of those cases we noted that the arraignments took place before the Plan for Furnishing Representation for Indigent Defendants in Criminal and Quasi-Criminal Cases, pursuant to the Criminal Justice Act of 1964 (18 U.S.C. § 3006A) went into effect; and we stated explicitly that after the Plan took effect "the presence of counsel for the indigent at arraignment is now assured." *Barnett, supra,* 123 U. S.App.D.C. at 39, 356 F.2d at 792. Lack of counsel at arraignment is symptomatic of the accused's not having counsel during other early stages of the case following indictment, and the Plan's requirement of counsel at arraignment was designed to assure the presence of counsel for other important purposes as well. That objective of the Plan is not advanced by invariably requiring an appellant to show actual prejudice in respect of the arraignment in order to complain of the lack of counsel at that time.

circumstances for the issuance of subpoenas "upon an *ex parte* application of a defendant." The record shows that no such application was made in this instance, apparently because appellant could not supply his counsel with any information as to where the witness might be found. We see nothing to indicate an abuse of discretion by the trial court, particularly since it denied the Government's request for a missing witness instruction and directed the prosecutor not to refer to the matter in his summation.

██ Lastly, appellant points to the circumstance that in the *voir dire* of the jury panel, nine jurors responded affirmatively to defense counsel's question as to whether any juror, or member of his family, had been a victim of crime in the past, and, in the presence of the rest of the panel, related the circumstances which prompted them so to respond. All of these nine were excused, but appellant argues that the twelve selected were unduly exposed to a climate prejudicial to one accused of crime. It was, however, appellant's counsel who, in accordance with the usual practice prevailing in the District Court, elicited the information from the nine veniremen in question, and he neither suggested in advance that they tell their stories out of the hearing of the rest of the panel, nor asked for dismissal of the entire panel when the *voir dire* was complete.

Appellant is, thus, in no position to insist that this matter be noticed for the first time on appeal and made the occasion of a reversal; and we decline to do so. Whether the question so raised is "patently frivolous," as the Government characterizes it in its brief, is another matter. Relevant to that question would seem to be the availability of alternative methods of conducting this aspect of the *voir dire* which do not involve delay or inconvenience disproportionate to the prejudice which may or may not reasonably be thought to inhere in the present system. We voice no view with respect to any of these factors.

The addition of any new dimension of delay into the conduct of criminal trials in this jurisdiction would require a strong apprehension that the challenged practice does in fact threaten injustice. But the challenge has now been made and may recur; and because it may prove difficult to demonstrate conclusively the absence of any prejudice, time may be saved in the long run by the exploration of new ways of doing things involving costs not incommensurate with the risks averted. The problem would appear one appropriate for canvassing in the first instance by those most immediately exposed to it. *See* Fleming v. United States, No. 22,018 (D.C.Cir., decided May 28, 1969).

Affirmed.