**Malissa Q. JOHNS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 79–310.**

District of Columbia Court of Appeals.

Aug. 12, 1982.

Before NEWMAN, Chief Judge and KELLY, KERN, NEBEKER, MACK, FERREN, PRYOR and BELSON, Associate Judges.

---

## ORDER

PER CURIAM.

Upon consideration of appellant's unopposed motion for remand and upon further consideration of appellee's motion for reconsideration en banc, 434 A.2d 463, and the opposition thereto, and it appearing that there is an evenly divided vote among the judges in active service with this court, it is

ORDERED that appellee's motion for reconsideration en banc is denied and the Clerk is directed to cause this court's mandate to issue in accordance with the General Rules of this court.

Associate Judges KERN, NEBEKER, PRYOR and BELSON would grant appellee's motion for reconsideration en banc.

Separate statement per Associate Judge NEBEKER.

NEBEKER, Associate Judge:

The nature of the decision by the divided division is most atypical. First, it is not simply an error-correcting decision. It is a "policy" decision of proclaimed "first impression in this jurisdiction" which has not found support by a majority of the en banc court despite its clear en banc nature under our Rule 40(c)(2).

I suggest that it is not a case of first impression. Anyone familiar with this area of criminal law in the District of Columbia knows that the general principles of reciprocal collateral inquiry[1] and the presumption that juries can and will follow instructions, has established law which the division majority refuses to follow.

The holding is quite flawed. If a jury is permitted to draw the remote inference that the deceased acted in conformity with possible character, gleaned from testimony as to prior reputation or specific instances, so also should the jury know of similar evidence of propensity by the accused. Once the question of propensity is raised, it should be completely examined. In a tighter time frame the District of Columbia Circuit has acknowledged this general proposition.

> To determine whether Appellant was the aggressor and whether he could establish a claim of self-defense, the jury was required to consider *all the circumstances* leading up to the fatal affray at Parker's home. They could not determine whether Appellant was the aggressor when he appeared at Parker's door or whether Parker was the aggressor unless they knew the background of Appellant's appearance. *Any attempt to insulate the final affray from what had gone on before would distort the concept of aggression and the burdens falling on an aggressor.* [*Harris v. United States,* 124 U.S.App.D.C. 308, 309, 364 F.2d 701, 702 (1966) (emphasis added).]

The division majority in reaching its new policy decision appears to justify its freedom to so hold by an artificially narrow notion of what the issue is. It does so, I dare say, in full expectation that other divisions of this court and the trial judges will be required to follow it. *See M.A.P. v. Ryan,* D.C.App., 285 A.2d 310 (1971). I question this assumption because of the unique circumstances in which this questionable holding is treated by the court in its en banc ruling.

The failure of en banc support or rejection is dictated by the coincidence of a vacancy on the court and eight judges equally divided on the case. The ninth judge-designate has entered an appearance in the case, and we presume must recuse himself from this en banc action.[2] Under these circumstances the decision is of sufficiently dubious weight so as not to command the usual respect. Given these cir-

---

1. *See, e.g., Oregon v. Hass,* 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971); *Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *Sorrells v. United States,* 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). *See also United States v. Burkley,* 192 U.S.App.D.C. 294, 591 F.2d 903 (1978).

2. The government earlier asked that final en banc action await the qualification of the ninth judge.

cumstances this decision is like a decision by an equally divided court—it decides the case but establishes no precedent.