Flossie ROBINSON, Appellant,

v.

UNITED STATES, Appellee.

No. 81–145.

District of Columbia Court of Appeals.

Jan. 31, 1983.

Before NEWMAN, Chief Judge, and KELLY, KERN, NEBEKER, MACK, FERREN, PRYOR, BELSON and TERRY,* Associate Judges.

ORDER

PER CURIAM.

On consideration of appellee's petition for rehearing en banc, and it appearing that an evenly divided court has voted thereon, it is

ORDERED that appellee's petition for rehearing en banc is denied. 448 A.2d 853.

Statement of reasons for voting to rehear this case en banc by KERN, Associate Judge:

A division of the court reaches the conclusion in this case that the trial court *must* bring the defendant or defendants to the bench whenever it undertakes to voir dire prospective jurors at the bench concerning such matters as the jurors' prior exposure to crime or their family relationship to law enforcement officers.

The whole point of at-the-bench conferences with prospective jurors is to encourage these citizens to speak frankly to the court about personal matters which they otherwise might be hesitant to bring out before a host of strangers by replying to the judge's voir dire questions in the open courtroom.

* Associate Judge Terry did not participate in this matter.
   Associate Judges Kern, Nebeker, Pryor, and Belson would grant the petition for rehearing en banc.
   See the attached separate statements of Associate Judges Kern, Nebeker, and Belson.

The division's holding, however, undercuts this sensible and humane result by requiring a trial court to create a face-to-face confrontation at the bench between jurors and the defendants upon whom they are about to sit in judgment.

The mandate of Rule 43 that a defendant "be present" at every stage of the trial including jury impaneling obviously does not mean that a defendant or a number of defendants must also be brought to the bench to listen in on this type of voir dire. Rather, defendants need only be present within the courtroom and have their attorneys at the bench so that *counsel* can participate there on the behalf of defendant's interest and, if necessary, quickly communicate with the defendant concerning a particular potential juror.

Nor do the holdings in 1884 and 1892, respectively, of *Hopt v. Utah,* 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884), and *Lewis v. United States,* 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892), cited by the division, support its ruling. In the latter case, the Supreme Court concluded the Constitution forbade the practice of having the defense attorney proceed with his challenges to the prospective jurors without allowing him or the defendant to know of the prosecution's challenges. In the former case, the Court struck down as unconstitutional the practice of having the defendant's challenge to prospective jurors actually determined out of the courtroom and out of the presence of defense counsel as well as the defendant.

I am quite surprised that a majority of this court declines to abide by our Rule 40 requiring rehearing en banc of cases of exceptional importance. Given the kinds of cases a majority has recently ordered reheard en banc, *viz.,* (a) a slip and fall case at Lorton Reformatory,[1] (b) the unusual case of one who dies during the pendency of his appeal from a criminal conviction,[2] (c) a

1. *See D.C. v. Cooper,* D.C.App., 445 A.2d 652 (1982).

2. *Howell v. United States,* D.C.App., 455 A.2d 1371 (1983).

tenant's refusal to abide by a *pendente lite* order to pay his rent,[3] and (d) the sufficiency of the evidence necessary for liability in an intersectional auto collision,[4] I am disheartened by the majority's uncalled for callousness to the plight of District citizens summoned to jury duty and then required by the division to stand cheek to jowl with criminal defendants while answering personal questions—a legally *unnecessary* requirement.

NEBEKER, Associate Judge:

It is regrettable that once again an important and questionable decision of this court has escaped en banc review or a majority vote declining that review because one judge of the nine is disqualified. It should be noted again that because the panel decision failed to gain the support of a majority of the participating judges, it is wilted precedent.[1] Aside from being an insensitive decision which does a disservice to the citizens who serve as jurors, it is one which disrupts a well-established and sensible process of jury selection.

It cannot genuinely be disputed that this decision cries out for en banc consideration under the criterion of our Rule 40(c)(2)—an exceptionally important question. Indeed, not one of the four who voted to deny en banc consideration—only one of whom was not on the panel—can, and does deny the true en banc nature of the panel decision. How we can rehear en banc cases like those recounted by Judge Kern in his statement herein and yet deny rehearing en banc here defies justification.

It is quite disheartening that the judges who vote against en banc rehearing do so with full understanding that to vote otherwise would at least produce an affirmance

of the conviction by an equally divided court without deciding the question until all judges can consider it. One more vote to grant rehearing en banc would have the immediate effect of vacating the panel opinion. The denial of en banc rehearing by the supporters of the panel decision sacrifices our exceptionally important question standard on an altar dedicated to the desire for a specific result.

While this court may be hamstrung in this case, a remedy is still available through rulemaking procedure. The Superior Court, pursuant to D.C.Code § 11–946 (1981), remains free to submit to this court for approval a modification to its Criminal Rule 43(c) which would overcome the division's holding. Pursuant to that provision, all nine judges of this court would participate in the decision whether to allow the division decision to stand or be expressly overruled by approval of the proposed rule.

BELSON, Associate Judge:

I file this rather extended statement in order to put into perspective the refusal of this court to rehear this case en banc. I am concerned by our failure to recognize that this case is one which, under the governing rule of this court, merits en banc consideration because it "involves an issue of exceptional importance."[1]

The decision of the division finds violative of Rule 43(a) of the Superior Court Rules of Criminal Procedure,[2] a method of conducting jury voir dire which has long been followed by most, if not all, Superior Court judges. Specifically, the decision would prohibit the practice of questioning an individual prospective juror concerning sensitive matters at a bench conference attended

---

3. *Davis v. Rental Assoc., Inc.,* 456 A.2d 820, No. 80–180 (D.C. Jan. 27, 1983).

4. *WMATA v. Jones,* D.C.App., 443 A.2d 45 (1982) (en banc).

1. *See Johns v. United States,* 449 A.2d 1074 (D.C.1982) (separate statement of *Associate Judge* Nebeker).

1. D.C.App. R. 40(c).

2. Super.Ct.Cr. R. 43(a) states:
   PRESENCE REQUIRED. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence.

by the juror, counsel, the court reporter, and the judge, while the defendant or defendants remain at counsel table.

The division opinion holds that under such a procedure the defendant is not "present" at the impaneling of the jury in the sense that "presence" is required by Rule 43(a). A brief discussion of criminal voir dire practice will explain why the division holding is so important that the case should be reheard en banc.

For over 10 years, the customary practice in the trial court has been to have defendants remain at counsel table while individual jurors are questioned concerning sensitive matters in the manner described above. This practice grew out of a question raised, but not reached, by the United States Court of Appeals for the District of Columbia Circuit in *United States v. Ridley,* 134 U.S. App.D.C. 79, 412 F.2d 1126 (1969), with respect to whether a defendant might be prejudiced if prospective jurors are required to respond in open court concerning crimes committed against them. There the circuit court stated:

> Relevant to that question would seem to be the availability of alternative methods of conducting this aspect of the *voir dire* which do not involve delay or inconvenience disproportionate to the prejudice which may or may not reasonably be thought to inhere in the present system. [*Id.* at 81, 412 F.2d at 1128.]

Under the practice which was adopted in response to *Ridley,* defense counsel is usually permitted to go over to counsel table and speak to defendant as often as desired during the bench conference. In the case at bar, for example, the trial judge indicated to defense counsel that he could report to his client "any critical matters regarding each person." In this way, a defendant can be kept as fully informed of the contents of the colloquy at the bench as counsel and defendant deem advisable. The defendant is "present" in the courtroom but, typically, is about 10 or 15 feet away from the conference.

The use of such conferences has been a daily occurrence in numerous courtrooms of the Superior Court. In recent years, hardly a criminal jury case has been heard where it has not been employed. In conducting the voir dire in criminal cases, trial judges routinely put to the jury some form of what has become known as the "three-part question" (Has any member of the jury panel, or a family member or close friend of the member, been charged with or convicted of a crime, been a witness to the commission of a crime, or been a victim of a crime?). Frequently, many members of the panel respond to this question. Their answers, and the answers to other questions that might evoke prejudicial responses, customarily have been answered at the bench. On the other hand, most questions asked during voir dire pose no danger of prejudice or embarrassment, and the answers to them are taken in open court. If, however, a juror should start an answer in open court which might include embarrassing, prejudicial or other sensitive matters, the judge interrupts and calls the juror to the bench to complete the answer.

This practice has many obvious advantages. It encourages candor on the part of jurors and spares them humiliation as well. It protects both the defendant and the government against utterances in open court by jurors which might prejudice the jury panel.

The division's opinion would end this practice. It contains no indication that the "presence" requirement of Rule 43(a) could be satisfied by having the defendant positioned 10 or 15 feet away from the conference at counsel table and by allowing defense counsel to report to the defendant upon the jurors' answers in a manner agreed upon by counsel, his client, and the court. In order to conduct a bench conference at which defendant is "present," as the division construes that term, a trial judge would have to permit a defendant to stand in the semicircle of persons who huddle at the bench for a hearing outside of earshot of the panel of prospective jurors. Presum-

ably, under the division's ruling, if two or more defendants are charged with vicious offenses such as murder or rape, the judge must invite them into the bench conference and require the juror, at close quarters, to tell of his or her experiences in connection with such offenses. The effect of such a practice in terms of juror candor and juror intimidation are obvious.

Other alternatives might be employed in an effort to comply with the division's holding, but they too pose serious problems. One alternative would be to return to the practice followed prior to *United States v. Ridley, supra,* and conduct the entire voir dire in open court in the presence of the defendant and the entire panel of prospective jurors. This course would inhibit and embarrass jurors, and would risk prejudice to the defendant or the government. Another alternative would be for the judge to leave the courtroom along with counsel, court reporter, clerk, and the defendant, and set up a proceeding in some other quarters in order to hear each of the numerous such answers normally given in each trial. A third would be to require the entire panel of prospective jurors, save the answering juror, to step out into the hallway during any sensitive questioning. Careful weighing of the alternatives to the present customary method of conducting voir dire is necessary because the alternatives which suggest themselves may place serious burdens upon an already overburdened trial court.

It is the absence of any consideration of the weighing or balancing process suggested by the circuit court in *Ridley, supra,* which I consider, with all respect, a significant omission from the division's opinion. The division's holding is reflective of the policy that a defendant should be able to hear and see the responses of a prospective juror, and thus be in a position to consult

with counsel regarding challenges. This, I acknowledge, is a significant consideration.[3] However, the opinion does not undertake to balance against that consideration the serious practical difficulties discussed above. Upon reconsideration, en banc, in the light of its assessment of the competing considerations, the court might well reach a result different from that reached by the division.

Rule 40(c) of the rules of this court establishes the standard we are to apply in ruling on petitions for rehearing en banc. It indicates that such rehearings are not favored. But it goes on to say that they "ordinarily will not be ordered except (1) when consideration by the full court is necessary to secure or maintain uniformity of its decisions, or (2) when the proceeding involves a question of exceptional importance."

The exceptional importance of the questions raised by the division's holding is, I submit, apparent. The holding obliges trial judges, upon defense request, to make a basic and important change in criminal jury voir dire procedure. It creates a possible ground for subsequent collateral attack on judgments in cases in which there is no such defense request. It is fair to assume that the division opinion will cause the trial court more practical difficulty than any other decision rendered by this court in recent years. I think it becomes clear, upon consideration of the ramifications of the division's holding, that the questions raised by this case are of such exceptional importance that reconsideration en banc is merited.

---

**3.** The intermediate appellate court of a neighboring jurisdiction, Maryland, has recognized a right in a defendant to be present at such conferences. *Haley v. State,* 40 Md.App. 349, 392 A.2d 551 (1978).