**Robert L. WILLIAMS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 85–590.**

District of Columbia Court of Appeals.

Argued Jan. 22, 1987.
Decided Feb. 27, 1987.

William T. Morrison, Washington, D.C., appointed by the court, was on the brief, for appellant.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Raymond C. Hurley, and Suzanne G. Curt, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEBEKER, FERREN and STEADMAN, Associate Judges.

NEBEKER, Associate Judge:

Appellant was convicted by a jury of one count of assault with a dangerous weapon, D.C. Code § 22–502 (1981), a lesser and included offense of the crime he had been charged with, *viz.*, assault with intent to kill while armed, *id.* §§ 22–501, –3202 (1981 & Supp.1986). On this appeal, he contends that the trial court abused its discretion during jury selection when, over defense objection, it declined to ask prospective jurors whether they or a close relative had ever been charged with, the victim of, or a witness to *any* crime. Appellant submits that the question actually posed by the court to the veniremen on this issue— whether they or a close relative had ever been charged with, the victim of, or a witness to a crime *similar to that charged in the indictment*—was insufficient to reveal possible juror bias and therefore denied him a fair trial. Appellant also contends that the trial court erred in denying his motion for a partial judgment of acquittal. This motion was grounded on the assertion that there was insufficient evidence that appellant used a knife (*i.e.*, one of the weapons listed in the indictment) during the assault. We affirm.

With respect to appellant's first contention, we note initially that the trial court may itself conduct the examination of prospective jurors. Super.Ct.Crim.R. 24(a). And, on review, the manner in which it did so will be upheld absent an abuse of discretion and substantial prejudice to the person convicted. *E.g., Cordero v. United States,* 456 A.2d 837, 841 (D.C.1983). In this case, there was no abuse of discretion by the trial court, nor substantial prejudice to appellant. The court first referred to crimes "similar to that charged in the indictment," and then wisely explained to the veniremen that by this it meant "any kind of assaultive crime." In so doing, the trial court properly narrowed its inquiry to those offenses most likely to reveal juror bias. In our view, an expanded inquiry into "any crimes" the veniremen may have somehow experienced would have been overly broad and likely elicited essentially irrelevant information. *See United States v. Jones,* 608 F.2d 1004, 1007 (4th Cir.1979), *cert. denied,* 444 U.S. 1086, 100 S.Ct. 1046, 62 L.Ed.2d 773 (1980); *Commonwealth v. Mosley,* 261 Pa.Super. 198, 201, 395 A.2d 1384, 1386 (1978). "Indeed, if the mere fact that a juror or his relative had been the victim of some crime unrelated to that being tried constituted grounds for discharge, it would be difficult, if not impossible, to assemble a jury panel." *Jones, supra,* 608 F.2d at 1007.

Appellant's contention that he was entitled to a partial judgment of acquittal is also without merit. Appellant was indicted for assault with intent to kill one Solomon Hickson, Jr., while armed with dangerous weapons, *viz.,* a knife, a brick, and a shod foot. The jury, however, found appellant guilty of the lesser and included offense of assault with a dangerous weapon. *See* Super.Ct.Crim.R. 31(c) (jury may return verdict on lesser-included offenses). While the government had presented its case on the alternative theories that the knife, brick, or shod foot would constitute the dangerous weapon element of the indicted and lesser-included offenses,[1] it appears that the jury was not polled (after it returned its verdict of guilty on the lesser offense) with regard to which weapon(s) it unanimously concluded had been used by appellant against Hickson. *See* Super.Ct.Crim.R. 31(d) (polling of jury).[2] Thus, it is not clear upon which theory or theories that the government ultimately prevailed.

Appellant therefore maintains—and we think correctly so—that the denial of his motion for partial judgment of acquittal may be upheld only if there was sufficient evidence adduced at trial that each weapon was used in the assault. *See, e.g., Barkley v. United States,* 455 A.2d 412, 414 (D.C. 1983) (all theories of conviction must be valid). Appellant only argues here, as he did at trial, that there was insufficient evidence to submit to the jury on the government's theory that he used a knife against Hickson. On this issue, appellant relies principally on the fact that the government's chief witness, an eyewitness to the assault, did not see him with a knife in his hand during the incident.

"To survive a motion for acquittal based on insufficient evidence, it is not necessary that the evidence presented compel a guilty verdict. The evidence need only allow a reasonable person to find guilt beyond a reasonable doubt." *Patterson v. United States,* 479 A.2d 335, 338 (D.C. 1984) (citations omitted). Viewing the evidence adduced at trial in this case in the light most favorable to the government, as we must, we hold there was sufficient evidence that appellant used a knife in his

---

1. Curiously, in its opening statement and closing arguments, the government focused only on appellant's use of the brick and his shod foot in the assault on Hickson. The government did not theorize before the jury that appellant had used a knife. However, immediately before jury selection began, the court read the entire indictment to the prospective jurors. Moreover, at the end of trial when defense moved for a partial judgment of acquittal, defense argued to the court that there was insufficient evidence that appellant had used a knife.

2. We note that the jury had been instructed on the government's alternative theories of what constituted the dangerous weapon. The jury had also been instructed that in order for it to find appellant guilty of either offense, it must unanimously agree which weapon(s) had been used and that such weapon(s) was dangerous.

attack on Hickson. The eyewitness appellant refers to was a considerable distance away (70 feet) and may very well not have seen the knife being used. Yet, a closed pocket knife was noticed by the witness shortly after the attack on the ground close to Hickson. This knife was recovered and admitted into evidence at trial.[3]

Further, during the assault Hickson received three lacerations on his face. Hickson's emergency physician testified that these lacerations "look[ed] like stab injuries." The physician also opined that the lacerations had been caused by a sharp object, rather than a blunt object such as a fist. Moreover, although as appellant notes Hickson himself "did not testify that he had been assaulted by any of the weapons listed in the indictment," Hickson did testify that the last thing he remembered of the incident was being struck on the right side of his face and falling to the ground.[4]

On such evidence, a reasonable person might fairly have concluded beyond a reasonable doubt that appellant wielded a knife during the assault. Therefore, all theories for conviction are sustainable on this record. And given the instruction, which presumably the jury followed, that it must be unanimous as to the weapon or weapons used (see note 2, supra), we see no possibility of a conviction on different theories by different jurors.

*Affirmed.*

---

3. Fingerprints were not taken from the knife because of its rough exterior.

4. Appellant testified in his own defense at trial, claiming self-defense. He denied using a knife against Hickson. To the contrary, he claimed Hickson attacked him with a knife. We note that appellant was impeached with several prior felony convictions.