**Melvin TATE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 88–CF–1234.**

District of Columbia Court of Appeals.

Argued May 26, 1992.
Decided June 1, 1992.[*]
Opinion July 14, 1992.

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment on June 1, 1992. It is now being published by direction of the court.

William S. Rhyne, Washington, D.C., appointed by the court, for appellant.

David L. Smith, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher, Thomas C. Black, and Michael Brittin, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before FERREN and KING, Associate Judges, and BELSON, Senior Judge.

FERREN, Associate Judge:

A jury convicted appellant Melvin Tate of robbery, D.C.Code § 22–2901 (1989), as a result of a purse-snatching incident on May 24, 1987. Appellant contends on appeal that, by excusing for cause a potential juror who stated that he was unavailable to serve on the jury because the trial schedule would conflict with his participation in a Veterans Administration methadone maintenance program, the trial court violated appellant's right under the Sixth Amendment to trial by a jury drawn from a fair cross-section of the community. Appellant further argues that the trial court committed plain error when it restricted the *Ridley*[1] question to robbery alone. We affirm.

---

1. *United States v. Ridley,* 134 U.S.App.D.C. 79, 81, 412 F.2d 1126, 1128 (1969). A question directed to potential jurors inquiring whether they or persons close to them have been accused of, the victim of, or a witness to a crime is sometimes called a "*Ridley* question." *See, e.g.,*

### I.

■ We first examine appellant's claim that the trial court violated his Sixth Amendment right to trial by a jury drawn from a fair cross-section of the community when it excused for cause a potential juror who informed the court that he would be unable to serve if the trial continued over into the following day, because he needed to report for his methadone treatment on the following morning. The trial judge excused the potential juror without inquiring into the effects of methadone on the panelist's competence. After the panelist and another juror were excused, appellant's counsel objected to the dismissal of the first potential juror, asserting that the court should have inquired into the applicable hours of the panelist's methadone treatment to determine the exact nature of the conflict. The trial court, on the other hand, "thought he was telling us that the medication [a]ffected his ability to perceive." Appellant argues that this determination by the trial court is unsupported by the record.

■ Although the trial judge may have misunderstood the nature of the potential juror's difficulty in serving on the jury, we perceive no abuse of discretion. Appellant is not entitled under the Sixth Amendment to a petit jury which fairly represents a cross section of the community, see *Holland v. Illinois*, 493 U.S. 474, 480, 110 S.Ct. 803, 807, 107 L.Ed.2d 905 (1990), for the "fair cross section requirement applies only to venires, not to petit juries." *Buchanan v. Kentucky*, 483 U.S. 402, 415, 107 S.Ct. 2906, 2913, 97 L.Ed.2d 336 (1987). Rather, he is entitled to an impartial petit jury, *Holland*, 493 U.S. at 480, 110 S.Ct. at 807, which is "nothing more than 'jurors who will conscientiously apply the law and find the facts.'" *Lockhart v. McCree*, 476 U.S. 162, 178, 106 S.Ct. 1758, 1767, 90 L.Ed.2d 137 (1986) (quoting *Wainwright v. Witt*, 469 U.S. 412, 423, 105 S.Ct. 844, 852, 83 L.Ed.2d 841 (1985)) (emphasis in *McCree*). The right to an impartial jury is assured in our system by providing a "jury wheel[ ], pool[ ] of names, panel[ ], or venire[ ]" which fairly represents the community, from which the petit jury is then drawn. *Taylor v. Louisiana*, 419 U.S. 522, 538, 95 S.Ct. 692, 702, 42 L.Ed.2d 690 (1975). Appellant has not challenged the venire.

■ Moreover, the trial court has broad discretion in the conduct of jury voir dire, see *Boertje v. United States*, 569 A.2d 586, 592 (D.C.1989), and its rulings will be affirmed on appeal unless the record reveals an abuse of discretion resulting from an erroneous ruling coupled with substantial prejudice to the defendant. *See Johnson v. United States*, 398 A.2d 354, 366 (D.C.1979); *see also Boertje*, 569 A.2d at 592. We cannot fathom how appellant was—or could have been—prejudiced by the exclusion of the particular potential juror in this case. Here, "the juror's removal, *even if for insufficient cause*, did not violate [appellant's] impartial jury right as [appellant] has not shown that as a result an impanelled juror failed to 'conscientiously apply the law and find the facts.'" *Evans v. Lewis*, 855 F.2d 631, 635 (9th Cir.1988) (quoting *McCree*, 476 U.S. at 178, 106 S.Ct. at 1767) (emphasis added). Finding no prejudice to appellant, we conclude that the trial court did not abuse its discretion in excusing the potential juror.

### II.

■ Appellant's second contention is that the trial court, in failing to inquire of potential jurors concerning their experiences not only with robbery but with "similar" crimes and lesser included offenses of robbery, committed plain error. *See Williams v. United States*, 521 A.2d 663, 665 (D.C.1987); *see also United States v. Ridley*, 134 U.S.App.D.C. 79, 81, 412 F.2d 1126, 1128 (1969). The purpose of voir dire is to expose juror bias that might affect the verdict. *See Boertje*, 569 A.2d at 592. "How such biases will be uncovered is left to the trial court's broad discretion," and without an abuse of discretion caused by an erroneous ruling combined with substantial prejudice to appellant, we must affirm the trial court's rulings on voir dire.

*Murray v. United States*, 532 A.2d 120, 122 (D.C. 1987).

Id.; see also Williams, 521 A.2d at 665. Nothing in this record suggests either an abuse of discretion or any prejudice to appellant. The trial court described the crime to be tried as "a kind of robbery" and explained the differences between robbery and burglary. By addressing in particular the jurors' experiences with robbery, the court did not eliminate jurors' experiences with lesser included offenses of robbery, and, in fact, several jurors reported experiences involving thefts that were not robberies. Finally, the trial court here asked the jury venire whether "anyone feels for any reason that [he or she] would not be able to carry out [the] responsibilities if selected as a juror," giving each potential juror an opportunity to express any hesitation concerning the ability to judge the case fairly. We perceive no abuse of discretion in the way the voir dire was conducted.

■ Moreover, we cannot see how appellant was prejudiced in any way by the trial court's voir dire. Unlike *Cordero v. United States*, 456 A.2d 837 (D.C.1983), on which appellant relies, this case does not involve any controversial political stance or association on appellant's part which might require the trial judge to tailor the voir dire to make potential jurors aware of "controversial facts which inevitably would come before them at trial." *Id.* at 845. Nothing indicates that the jury actually empaneled was biased. We therefore conclude that there was no error in the conduct of the voir dire.

*Affirmed.*